UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

ELIOT VILLAR, a/k/a JESUS DIAZ,

              Defendant.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/13

09 Cr. 435-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

       On January 18, 2013, Eliot Villar a/k/a Jesus Diaz ("Villar" or "Defendant") pleaded guilty to one count of conspiring to commit wire fraud and bank fraud in violation of 18 U.S.C. §§ 1343 & 1344, and one count of possessing, using and transferring, without lawful authority, a means of identification of others to conspire to commit wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1028A(a)(1) & (c)(5).

       For the reasons set forth below, the Defendant will be sentenced to 57 months of imprisonment and three years of supervised release.

**Prior Proceedings**

On April 30, 2009, a five-count indictment, 09-CR-435 (RWS) (the "Indictment"), was filed in the Southern District of New York, charging as follows, in pertinent part:

- Count One: from at least in or about July 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, Villar, Indira Martinez ("Martinez"), and others known and unknown, unlawfully conspired to commit wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343 and 1344. As a result of committing the offense alleged in Count One of the Indictment, Villar shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said offense. If any of the above-described forfeitable property, as a result of any act or omission of Villar: a. cannot be located upon the exercise of due diligence; b. has been transferred or sold to, or deposited with, a third person; c. has been placed beyond the jurisdiction of the Court; d. has been substantially diminished in value; or e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of Villar and Martinez, up to the value of the above forfeitable property.

- Count Two: from in or about February 2008, in the Southern District of New York and elsewhere, Villar devised a scheme to defraud Capital One Auto Finance through the submission of an electronic application on February 13, 2008, from an apartment in the Bronx, New York to Plano, Texas, in violation of 18 U.S.C. § 1343. As a result of committing the offense alleged in Count Two of the Indictment, Villar shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all

property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said offense. If any of the above-described forfeitable property, as a result of any act or omission of Villar: a. cannot be located upon the exercise of due diligence; b. has been transferred or sold to, or deposited with, a third person; c. has been placed beyond the jurisdiction of the Court; d. has been substantially diminished in value; or e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of Villar, up to the value of the above forfeitable property.

- Count Three: from in or about May 2005, up through and including in or about May 2008, in the Southern District of New York and elsewhere, Villar and others known and unknown, conspired to and did transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under any applicable State or local law, in violation of 18 U.S.C. § 1028(a)(7). As a result of committing the offense alleged in Count Three of the Indictment, Villar shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said offense. If any of the above-described forfeitable property, as a result of any act or omission of Villar: a. cannot be located upon the exercise of due diligence; b. has been transferred or sold to, or deposited with, a third person; c. has been placed beyond the jurisdiction of the Court; d. has been substantially diminished in value; or e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of Villar, up to the value of the above forfeitable property.

- Count Four: from in or about July 2007, up through and including in or about April 2008, in the Southern District of New York and elsewhere, Villar and Martinez possessed, used and transferred, without lawful authority, a means of identification of others to conspire to commit wire fraud and bank fraud, as charged in Count One of the Indictment, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5).

- Count Five: in or about February 2008, in the Southern District of New York and elsewhere, Villar possessed, used and transferred, without lawful authority, a means of identification of others to conspire to commit wire fraud, as charged in Count Two of the Indictment, in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(5).

On January 18, 2013, the Defendant appeared before the Honorable Kevin Nathaniel Fox in the Southern District of New York and allocated to Counts One and Four, pursuant to a written plea agreement which contained the following stipulations:

- The Defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), a sum of money equal to $125,000 in United States currency, representing all property constituting or derived from any proceeds the Defendant obtained directly and indirectly as a result of said offense. It is further understood that any forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to the forfeiture. The Defendant further agrees to make restitution in the amount of $200,000.

- With respect to calculation of the Defendant's offense level, the November 1, 2012 Guidelines manual applies in

this case.

- Offense Level Calculation for Count One: The sentencing guideline applicable to the offense charged in Count One is §2B1.1. Pursuant to §2B1.1(a)(1), the base offense level is seven. Because the loss attributable to the offense exceeds $200,000 but is less than $400,000, the offense level is increased by 12 levels pursuant to §2B1.1(b)(1)(G). Because the offense involved 10 or more victims, the offense level is increased by two levels pursuant to §2B1.1(b)(2)(A). In addition, because the Defendant willfully obstructed or impeded the administration of justice with respect to the investigation and prosecution of the offense charged in Count One, and the obstructive conduct related to such offense, the offense level is increased by two levels pursuant to §3C1.1. Assuming the Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to §3E1.1(a). Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to §3E1.1(b), because the Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. In accordance with all of the foregoing, the total offense level for Count One is 20.

- Offense Level Calculation for Count Four: The sentencing guideline applicable to the offense charged in Count Four is §2B1.6. Pursuant to §2B1.6, the guideline sentence is the term of imprisonment required by statute.

- Criminal History Category: Based upon the information now available to the Government (including representations by the defense), the defendant has zero criminal history points. Accordingly, the defendant's Criminal History Category is I.

- Sentencing Range: Based upon the calculations set forth above, the defendant's stipulated Guidelines range for Count 1 is 33 to 41 months imprisonment. Pursuant to 18 USC 1028A(b)(2), the two-year term of imprisonment for

Count 3[1] must run consecutively to any term of imprisonment imposed for Count 1. Accordingly, the stipulated Guidelines range for Counts 1 and 4 is 57 to 65 months' imprisonment, with a mandatory minimum term of 24 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to §5E1.2. At Guidelines level 20, the applicable fine range is $7,500 to $75,000. The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court consider any such departure or adjustment.

- The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 USC 3553(a).

The Defendant's sentencing is currently scheduled for June 6, 2013.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

---

[1]Appears to be a typo and should be referenced as Count 4.

consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)  the need for the sentence imposed —

        (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)  to afford adequate deterrence to criminal conduct;

        (C)  to protect the public from further crimes of the defendant; and

        (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)  the kinds of sentences available;

    (4)  the kinds of sentence and the sentencing range established for —

        (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)  any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)  the need to provide restitution to any victims of

the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to the Defendant's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

Hector Castillo Guante ("Guante") lived in Pennsylvania with Yolandy Torres, who is the daughter of Guante's wife. It appears from the evidence in the investigation that Torres acquired the identification information for several individuals from a source in Puerto Rico named Isaias LNU.

Guante did favors for Torres that he knew to be illegal, and Torres did not charge him rent or other expenses. Some of those favors included depositing tax refund checks in other people's names into bank accounts in other people's names, which constitutes bank larceny.

On February 6, 2008, Guante emailed names, dates of birth, and social security numbers of approximately nine victims to Villar in the Bronx, New York. (Guante asserted that it was his co-defendant, Torres, who utilized his e-mail account to e-mail the victim information to Villar.)

On February 13, 2008, Villar submitted an electronic application in the name of an individual ("Victim-1") from Villar's apartment in the Bronx, New York to Capital One Auto Finance ("Capital One") in Plano, Texas for a car loan for approximately $30,000.

On February 14, 2008, Capital One issued a loan in the name of Victim-1 for approximately $30,000 in support of a purchase of a 2004 BMW 545I in Miami, Florida.

On February 15, 2008, Villar emailed names, dates of birth, and social security numbers of approximately 10 victims from the Bronx, New York to Torres.

On February 29, 2008, a checking account at Wachovia Bank, N.A. ("Wachovia Account-1") was opened electronically in the name of Victim-1 and with an address in the Bronx, New York.

On March 14, 2008, a $9,100 check written out to "Silvia Ortiz Camacho" ("Victim-1 Check") from Wachovia Account-1, and with a memo line that reads "BMW 545 2004 - 1 Half," was deposited into a Wachovia checking account in the name of "Sylvia Ortiz Camacho" ("Wachovia Account-2") at a Wachovia branch in Allentown, Pennsylvania.

On March 15, 2008, Martinez, made a withdrawal in the amount of $4,500 from Wachovia Account-2 at the Allentown Wachovia Branch and another withdrawal in the amount of $4,500 at a Wachovia Branch in Wind Gap, Pennsylvania.

On May 12, 2005, Torres was issued an Ohio Temporary Instruction ID Card using the identification information of a victim.

According to the Government, Villar is held responsible for a loss of between $200,000 and $400,000, and also defrauded 10 victims as a result of his criminal acts.

**The Relevant Statutory Provisions**

Count One mandates a maximum term of imprisonment of 30 years, pursuant to 18 U.S.C. §§ 1343, 1344 and 1349. If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than five years, pursuant to 18 U.S.C. § 3583(b)(2). The Defendant is not eligible for probation because the instant offense is a Class B felony, pursuant to 18 U.S.C. § 3561(a)(1). The maximum fine is $1 million, pursuant to 18 U.S.C. §§ 1344 & 1349. In addition, a special assessment of $100 per count is mandatory, pursuant to 18 U.S.C. § 3013.

Count Four mandates a maximum term of imprisonment of two years, to run consecutively to any other term of imprisonment imposed, pursuant to 18 U.S.C. § 1028A. If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than one year, pursuant to 18

U.S.C. § 3583(b)(3). This term, if imposed, would run concurrently with any term imposed with respect to Count One, pursuant to 18 U.S.C. § 3624(e). The Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2) and 18 U.S.C. § 1028A. The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571. In addition, a special assessment of $100 per count is mandatory, pursuant to 18 U.S.C. § 3013.

In addition, as a result of committing the offense alleged in Count 1, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. §§ 1963(a)(1)-(3), all property real and personal, involved in the offense or traceable to such offense. Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

**The Guidelines**[1]

As set forth above, pursuant to the Defendant's plea agreement, his total offense level is 20.

The Defendant has no known criminal convictions. Therefore the Defendant has zero criminal history points and a Criminal History Category of I.

For a total offense level of 20 and a Criminal History Category of I, the guideline range for imprisonment is 33-41 months. In addition, for Count Four, 18 U.S.C. § 1028A requires a mandatory two-year term of imprisonment to run consecutively to any other term of imprisonment imposed.

With respect to Count One, the guideline range for a term of supervised release is at least two years but not more than five years, pursuant to §5D1.2(a)(1). The Court shall order a term of supervised release when required by statute (§5D1.1(a)(1)), or except for a deportable alien who is likely to be deported after imprisonment, when a term of imprisonment

---

[1] The November 1, 2012 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes.

of more than one year is imposed (§5D1.1(a)(2)). Pursuant to §5D1.1(c), the Court should not ordinarily impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who is likely to be deported after serving a term of imprisonment. In any other case, the Court may order a term of supervised release, pursuant to §5D1.1(b).

With respect to Count Four, the guideline range for a term of supervised release is one year, pursuant to §5D1.2(a)(3). The Court shall order a term of supervised release when required by statute (§5D1.1(a)(1)), or except for a deportable alien who is likely to be deported after imprisonment, when a term of imprisonment of more than one year is imposed (§5D1.1(a)(2)). Pursuant to §5D1.1(c), the Court should not ordinarily impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who is likely to be deported after serving a term of imprisonment. In any other case, the Court may order a term of supervised release, pursuant to §5D1.1(b).

The Defendant is not eligible for probation under the

Guidelines for Count One, because that offense is a Class B felony, pursuant to §5B1.1(b)(1). The Defendant is also not eligible for probation under the Guidelines for Count Four, because that offense is one for which probation has been expressly precluded by statute, pursuant to §5B1.1(b)(2).

The fine range for Counts One and Four is from $7,500 to $1,000,000, pursuant to §5E1.2(d)(7) and (c)(4). In addition, subject to the Defendant's ability to pay, in imposing a fine, the Court considers the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,407.78 to be used for imprisonment, a monthly cost of $286.11 for supervision, and a monthly cost of $2,180.27 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's

decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines, all of the factors set forth in § 3553(a), and the arguments set forth in the Defendant's sentencing memorandum, it is concluded that a downward departure from the Guidelines sentence is not warranted in the instant case.

The Defendant in this case pled guilty to the crimes of (i) conspiracy to commit wire and bank fraud and (ii) aggravated identity theft. The Defendant engaged in a scheme in which he and others acquired the identification information of individuals without their knowledge, and subsequently used that information to defraud banks by causing the banks to provide the Defendant and his co-conspirators with loans for significant amounts of money. According to the Government, the Defendant's conduct resulted in a loss of between $200,000 and $400,000.

In addition, it is noted that during the course of the prosecution of this case, the Defendant fled the United States for the Dominican Republic after being released on bail following his arrest on the original complaint. The Defendant evaded arrest for four years before re-entering the United States and being arrested in Florida.

The instant offenses are of a serious nature, and involved significant harm to many innocent victims. However, the offenses represent the Defendant's first criminal conviction. Accordingly, in addition to the mandatory two-year term of imprisonment required with respect to Count Four, it is appropriate to sentence the Defendant to a custodial term of 33 months for Count One, which is at the low end of the Guidelines range for that count. This custodial sentence addresses the sentencing objectives of punishment and general deterrence. In addition, a three-year term of supervised release is appropriate to allow for monitoring of the Defendant's behavior, assistance in addressing his needs, and monitoring all aspects of the special conditions to be imposed. Based on the Defendant's lack of financial resources, no fine will be imposed.

**The Sentence**

For the instant offense, the Defendant is sentenced to (i) a term of imprisonment of 33 months for Count One, and (ii) a mandatory term of imprisonment of 24 months for Count Four, to run consecutively with the term for Count One, yielding a total custodial sentence of 57 months.

The Defendant is sentenced to a term of supervised release of three years. The Defendant is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that the Defendant be supervised by the district of his residence.

As mandatory conditions of his supervised release, the Defendant shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed, in addition to the following special conditions:

- The defendant shall obey the immigration laws and comply with the directives of immigration authorities.

- The defendant shall provide the probation officer with access to any requested financial information.

- The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

A special assessment of $200, payable to the United States, is mandatory and shall be due immediately.

Restitution is not imposed due to the length of time that elapsed since the Defendant's crimes, and the Government's resulting inability to confirm the loss amounts of the victims.

Due to the Defendant's limited assets, no fine is imposed.

The Defendant shall forfeit to the United States any and all property constituting and derived from any proceeds obtained directly or indirectly as a result of the instant offense, pursuant to 21 U.S.C. § 853. Pursuant to Rule 32.2,

19

"[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at the sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

The Defendant has been detained in federal custody without bail since July 13, 2012, and as such is not a candidate for voluntary surrender, pursuant to 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**June 4, 2013**

_____
ROBERT W. SWEET
U.S.D.J.